CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 27 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KATHLEEN M. MIZZI TODD | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 5:06-CV-00029 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TODD WAYNE HART and | ) | By: Samuel G. Wilson |
| LORI ANN HART, | ) | United States District Judge |
| | ) | |
| Appellees. | ) | |

This is an appeal by creditor and attorney, Kathleen M. Mizzi Todd, from a final decision of the United States Bankruptcy Court for the Western District of Virginia holding that a fund subject to her attorney's lien and prepetition state court judgment is property of the Chapter 7 debtors' bankruptcy estate because Todd failed to "offer a sufficient factual or legal basis to demonstrate that the debtors' legal or equitable interest in the fund was extinguished prepetition." The court exercises jurisdiction pursuant to 28 U.S.C. § 158 and affirms.

I.

Todd had a one third contingency fee agreement with the debtors, Todd and Lori Hart, to represent them in a personal injury and property damage suit. When the Harts needed funds immediately, Todd settled the property damage claim and agreed to wait to receive her fee from any recovery for the personal injury claim. The Harts, however, discharged Todd and retained other counsel, H. Bishop Dansby. Todd gave written notice to the Harts and Dansby that she was

imposing a lien on any recovery for her fees in accordance with Virginia law.[1] When the Harts settled their personal injury claim, Dansby placed $4000 in his escrow account to cover the amount of the lien for Todd's attorney's fees. The Harts then filed a warrant in debt against Dansby in the Rockingham General District Court. Dansby added Todd to the action by interpleader and turned over the $4000 to the general district court. On March 4, 2005, the general district court heard the case and announced that it would award Todd the escrowed funds. However, it did not issue its written judgment order until April 28, 2005.[2]

On May 6, 2005, four days before their time to appeal the general district court judgment would have expired, the Harts filed their Chapter 7 bankruptcy petition. Upon receiving notice of the Harts' bankruptcy, the general district court turned over the $4000 fund to the trustee. Todd objected on the ground that the fund was not part of the bankruptcy estate. However, the bankruptcy court overruled her objection, and this appeal followed Todd's unsuccessful motion to reconsider.

## II.

Todd contends that the Harts had no equitable or legal interest in the fund when they filed

---

[1] Pursuant to Va. Code Ann. § 54:1-3932, "[a]ny person having or claiming a right of action sounding in tort . . . may contract with any attorney to prosecute the same, and the attorney shall have a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim."

[2] The general district court entered the April 28, 2005, order nunc pro tunc; however, under Virginia law, "[a]n order entered *nunc pro tunc* cannot create a fiction that an act not yet performed has already occurred." Holley v. City of Newport News, 6 Va. App. 567, 568 (Va. Ct. App. 1988) (citing Council v. Commonwealth, 198 Va. 288, 293 (Va. 1956)). In Virginia, it is well-established that "orders speak as of the day they were entered" and that "a trial court speaks only through its written orders." Davis v. Mullins, 251 Va. 141, 148 (Va. 1996). Thus, the critical date in this inquiry is April 28, 2005, the date of the court's written judgment order, though the general district trial occurred on March 4, 2005.

2

their bankruptcy petition on May 6, 2005, because not only had she filed and perfected a statutory attorney's fee lien but she also had obtained a prepetition judgment against the Harts for the fund by that date, thereby extinguishing their interest. The court finds, however, that the state court judgment was not "final," that the Harts, therefore, had an equitable or legal interest in the fund on the date they commenced their bankruptcy case, and that the fund, therefore, is property of the bankruptcy estate. Accordingly, the court affirms the decision of the bankruptcy court.[3]

Pursuant to 11 U.S.C. § 541(a)(1), "property of the estate" includes a debtor's legal and equitable interest in property as of the *commencement* of the case.[4] Though § 541(a) "provides what constitutes property of the estate, the Bankruptcy Code does not resolve debtor's interest in the property." Tyler v. Prudoff (In re Prudoff), 186 B.R. 64, 66 (Bankr. E.D. Va. 1995). Instead, "the court must look to state law . . . to determine the nature of the debtor's interest." Id. Under Virginia law, "a judgment is not final for the purposes of *res judicata* or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired," Faison v. Hudson, 243 Va. 413, 419 (Va. 1992), and an appeal from a general district court judgment can "be taken within 10 days" of the date of the judgment, Va. Code Ann. § 8.01-129.

---

[3] "[T]he Bankruptcy Court's factual determinations are subject to deference and shall not be set aside unless clearly erroneous, while its conclusions of law are subject to de novo review." United States v. Easley, 216 B.R. 543, 545 (W.D. Va. 1997) (citing In re Linkous, 141 B.R. 890, 892 (W.D. Va. 1992)). Here, the issue is whether the $4000 fund is property of the bankruptcy estate, and the bankruptcy court's decision is subject to de novo review.

[4] "The code also provides that 'property of the estate' encompasses *any interest* in the property preserved for the benefit of or ordered transferred to the estate under the trustee's strongarm or avoidance powers." Tyler v. Prudoff (In re Prudoff), 186 B.R. 64, 66 (Bankr. E.D. Va. 1995) (emphasis in original). "Property of the estate" should be construed broadly, and "the legislative intent behind the current Bankruptcy Code is that § 541(a)(1) includes every conceivable interest of the debtor in the estate." Id. (citing World Communications, Inc. v. Direct Mktg. Guar. Trust (In re World Communications, Inc.), 72 B.R. 498, 500 (D. Utah 1987)).

3

It follows that because the time to appeal had not yet run as of the date the Harts commenced their bankruptcy case, Todd's judgment had not yet become final and thereby capable of divesting the Harts of their interest in the fund. Accordingly, the judgment does not preclude the fund from being property of the estate.[5]

### III.

Todd also claims that bankruptcy courts regularly exclude statutory attorney lien funds from bankruptcy estates. The cases she cites, however, are distinguishable because an attorney's lien is not self-executing and cannot alone extinguish a client's legal or equitable interest in settlement proceeds.[6] See King v. Cherrywood Residents Assoc. (In re King), 208 B.R. 376, 379 (Bankr. D. Md. 1997) (stating that statutory liens, like attorney's liens, arise without judicial action but are "enforced through judicial proceedings"). Therefore, it stands on the same footing as other security interests.

### IV.

Although Todd ultimately may be entitled to the fund, the question at this juncture is

---

[5] The automatic stay may apply to this judgment, and if so, "the appeal period in a suit against the debtor is effectively tolled by the automatic stay of § 362(a) and begins to run again according to the provisions of § 108(c)." See In re Meredith, 337 B.R. 574, 576, 577 n.2 (Bankr. E.D. Va. 2005) (stating that the "applicability of the automatic stay to a debtor's appeal of a judgment against him has been established by the Fourth Circuit). The court need not resolve this issue.

[6] Todd cites Tignor v. Parkinson (In re Tignor), 729 F.2d 977 (4th Cir. 1984) (overruled on other grounds), and In re Military Pet Center No. 94, Inc., 181 B.R. 282 (Bankr. E.D. Va. 1994); however, none of these cases resolves the issue. Tignor does not address an attorney's lien and simply states that the debtor settled a personal injury suit postpetition "for $150,000, of which $45,000 went for attorneys' fees." The court included the remaining settlement in the bankruptcy estate. Similarly, the Military Pet Center court made no finding concerning whether statutory attorney lien funds should be excluded from the bankruptcy estate. Instead, the court stated that perfected attorney liens are valid in bankruptcy.

4

simply whether the Harts retained a legal or equitable interest in that fund as of May 6, 2005, making it property of the bankruptcy estate. Because they had such an interest, the court affirms the bankruptcy court's decision.[7]

**ENTER:** This 27th day of June, 2006.

UNITED STATES DISTRICT JUDGE

---

[7]The Harts contend that the fund is exempt property and, therefore, is not part of the bankruptcy estate. The Harts, however, did not file an appeal or a cross appeal, and thus, the court need not resolve this issue. Moreover, "under the [Bankruptcy] Code, even property held to be exempt will initially become property of the estate and will remain in the estate until such time as the exemption is taken." In re Ford, 3 B.R. 559, 568 (Bankr. D. Md. 1980).

5